UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT ROBERT EPPSTEIN,

    Plaintiff,

  v.

VICTOR CHEN, et al.,

    Defendants.

No. C 14-0731 MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

A review of Plaintiff's complaint demonstrates several deficiencies. In the complaint, Plaintiff claims that Stephanie Richards, presumably a potential defense witness in Plaintiff's criminal action, visited the Assistant District Attorney's Office, Defendant Victor Chen. Plaintiff alleges that Chen put his hand on Richards' knee and made an inappropriate suggestion. Richards ran out of the office, and told Plaintiff that Chen smelled of liquor.

First, it is not clear what federal right Plaintiff believes was violated. Second, Plaintiff does not appear to have standing. Third, Plaintiff names several other Defendants, but does not link any of them to any constitutional violation. In essence, Plaintiff's allegations fail to state clearly what happened, and how the actions or inactions of Defendants rise to the level of a federal constitutional violation. The lack of detail prevents the Court from determining what Plaintiff's claim is, and whether the claim deserves a response and from whom, and also prevents Defendants from framing a response to the complaint. Plaintiff must specifically identify what Defendants did or did not do in order to state a claim with regard to each separate claim. Plaintiff must link Defendants to the allegations. Plaintiff will be granted leave to amend to allege specifics. In his amended complaint, he must establish legal liability

of each person for the claimed violation of his rights. Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff will be provided with twenty-eight days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

## CONCLUSION

1. Plaintiff's amended complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file a AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-0731 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. The second amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, when it happened, what effect this had on Plaintiff, and what right Plaintiff alleges was violated. If Plaintiff files an amended complaint, he must allege, in good faith, facts – not merely conclusions of law – that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Plaintiff is further advised that an amended complaint supersedes the original complaint. Plaintiff may not incorporate material from the prior complaint by reference.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

3

Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:

Maria-Elena James
United States Magistrate Judge